FILED

AUG 12 2019

CLERK, U.S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JANNUZZI,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>　　　　　　　Defendant. | Case No.: 18cv2709 BEN (WVG)<br><br>**ORDER DENYING MOTION TO DISMISS** |

On August 16, 2013, Plaintiff purchased a new 2014 Chevrolet Silverado 2500 HD manufactured by Defendant. The truck was purchased with an optional Duramax diesel engine. Plaintiff alleges that his vehicle was equipped with "defeat devices" allowing the engine to produce greater smog emissions than normally permitted. The engine produces these greater-than-permitted emissions when the vehicle senses conditions unlikely to be present when undergoing official emissions testing. The defeat devices cause the engine to burn fuel differently during normal operation, providing greater power but with greater smog emissions. Plaintiff alleges these devices conceal from consumers and government regulators the high level of emissions produced by Plaintiff's vehicle and other Silverado 2500s.

Plaintiff filed his Complaint in San Diego County Superior Court bringing five causes of action: three discrete violations of the California Song- Beverly Act, as codified

1

at Cal. Civ. Code § 1790 *et seq*, one claim of fraudulent inducement by affirmative misrepresentation, and one claim of fraudulent inducement by concealment. Defendant removed the case to this court and immediately moved to dismiss the two fraud claims. Plaintiff alleges that Defendant marketed the truck as a low-emissions vehicle and made representations about the Duramax engine's power, fuel efficiency and reduced emissions. Plaintiff claims he would have paid substantially less or not purchased the vehicle if had he known its actual condition regarding emissions. This motion to dismiss centers on the allegations of alleged falsity of Defendant's marketing efforts and concealment of the improper emissions control defeat devices.

This case is substantially similar to another case originally filed in state court and removed to the United States District Court for the Central District of California. In *Garcia v. General Motors LLC*, Case No. 18cv1893 JLS (KES), the same plaintiff's attorneys filed a similar lawsuit against the same defendant on behalf of plaintiff Jose Garcia who had bought a 2015 Silverado 2500 truck with a Duramax diesel engine. Upon removing the case to federal court, the same defense attorneys for the same defendant (General Motors LLC) filed a motion to dismiss raising arguments indistinguishable from those raised here.

Shortly after briefing concluded in this case, the federal court in *Garcia* issued an Order denying General Motor's motion to dismiss. *See* 2019 WL 247227 (C.D. Cal. Jan. 17, 2019). Six months have passed since the *Garcia* Order was issued. Defendant has not attempted to distinguish or criticize the reasoning in that Order. This Court finds the *Garcia* Order to be well-reasoned and persuasive and directly applicable to this case and adopts it in its entirety. Accordingly, like the court in *Garcia*, this Court finds that the statute of limitations for Jannuzzi's fraud claims is tolled by the California discovery rule and the fraud claims are deemed timely filed. Further, the California economic loss rule does not bar Plaintiff from suing in tort for damages. Finally, Plaintiff has alleged with sufficient particularity his two fraud claims.

Therefore, Defendant's motion to dismiss is denied. Counsel shall contact the Chambers of the United States Magistrate Judge for further scheduling of this case.

Dated: August 13, 2019

Hon. Roger T. Benitez
United States District Judge