1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JANNUZZI,<br><br>                              Plaintiff,<br><br>v.<br><br>GENERAL MOTORS; and DOES 1<br>through 10, inclusive,<br><br>                              Defendants. | Case No.:  18-CV-2709-BEN-WVG<br><br>**ORDER ON JOINT MOTION TO CONTINUE INITIAL EXPERT DISCLOSURE, REBUTTAL EXPERT DISCLOSURE, AND DISCOVERY COMPLETION DEADLINE** |

On November 7, 2019, this Court issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, following the Parties' Early Neutral Evaluation Conference earlier on that same day. (Doc. No. 15.) On April 17, 2020, the Parties filed a Joint Motion to Continue Initial Expert Disclosure, Rebuttal Expert Disclosure, and Discovery Completion Deadline ("Joint Motion"). (Doc. No. 22.) In relevant part, the Joint Motion seeks a two-month continuance of the expert and fact discovery cut-offs and related pre-trial dates as set forth in the operative Scheduling Order. For the below reasons, the Court DENIES without prejudice the Parties' Joint Motion.

Rule 16(b) of the Federal Rules of Civil Procedure requires a movant to establish good cause upon seeking modification of the scheduling order. Fed. R. Civ. P. 16(b). This

good cause standard is primarily informed by the movant's diligence in attempting to fully comply with the deadlines set by the Court. *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003). Failure to make the requisite showing terminates the Court's inquiry into whether it is appropriate to grant the movant's requested relief from the operative scheduling order. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002).

The Parties' Joint Motion fails to meet Rule 16(b)'s good cause standard. The Joint Motion and supporting Declaration of Daniel Kalinowski ("Kalinowski Declaration") repeatedly cite to "circumstances created by the Coronavirus Disease outbreak" that supposedly warrant a two-month continuance of the Scheduling Order dates. (Doc. No. 22.) Glaringly, however, the Joint Motion and Kalinowski Declaration fail to delineate what efforts, if any, the Parties have made to comply with the operative Scheduling Order, what specific events in light of the COVID-19 outbreak have necessitated the Parties' Joint Motion filing, and why a two-month continuance of the discovery cut-offs and related pre-trial deadlines is appropriate.

Further, the Joint Motion does not explain what discovery has already been completed and what discovery remains, aside from the vehicle inspections referenced in the Kalinowski Declaration. If the vehicle inspections are the only outstanding matters, then it follows that all other discovery should have already been completed. In such an instance, the Parties' Joint Motion should have addressed with specificity the travel required to conduct such vehicle inspections, an estimated timeline for completing the vehicle inspections, and any other logistical considerations factoring into the Parties' request for additional time to complete the vehicle inspections. Instead, the Joint Motion misleadingly states "the specific reasons contained in the Declaration of Daniel Kalinowski attached hereto support that good cause exists to extend the requested [deadlines]", when the Kalinowski Declaration provides a bare bones recital that "good cause exists for the requested continuance to allow the Parties to access expert opinions and reports resulting from vehicle inspections." (Doc. Nos., 22, 22-1.) Counsel's mere representation that good

cause exists is no substitute for a showing of good cause.

In so holding, the Court stresses that it is keenly aware of the serious challenges the COVID-19 pandemic has mounted upon society-at-large, particularly litigants, counsel, and the judiciary. Concurrently, however, the Court is not of the view that the COVID-19 pandemic somehow relaxes the legal standard controlling parties' continuance requests. Rule 16(b) and case law interpreting that Rule make clear that representations of general inconveniences, without more, fail to amount to good cause. The Kalinowski Declaration's vague allusion to the Parties' hampered ability to conduct vehicle inspections in light of COVID-19 travel restrictions falls far short of the factual specificity Rule 16(b) calls for. Without further context and any showing of the Parties' diligent attempts to comply with the operative Scheduling Order, the Court has no basis to grant the Parties a continuance for any amount of time. Accordingly, all deadlines memorialized in the November 7, 2019 Scheduling Order remain in effect.

**IT IS SO ORDERED.**

Dated: April 20, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge